

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1943 | **DATE** | October 13, 2010 |
| **CASE TITLE** | Singh v. Holder et al | | |

**DOCKET ENTRY TEXT:**

The Court GRANTS the Defendants' Motion to Dismiss (doc. #10).

■[ For further details see below.]                                    Docketing to mail notice.

## STATEMENT

   Santokh and Twinkle Anil Singh filed a two count Complaint against the Attorney General of the United States. The Singhs ask the Court for a declaratory judgment in which it finds that an order of the United States Citizenship and Immigration Services (USCIS) revoking a previously approved petition violated their due process rights. The Singhs also ask the Court to order the Government to produce documents related to a Freedom of Information Act request they had filed. The Government moves to dismiss, arguing that the Court is without jurisdiction to review the decision of the USCIS and that it has since produced the documents related to the FOIA request, mooting that claim (the latter of which the Singhs do not contest).

   The Singhs are husband and wife who married in 2001. Shortly after their marriage, Twinkle filed a visa petition behalf of her husband to adjust his status based on his marriage. Santokh, however, had previously been married, and in 2002 the Immigration and Naturalization Service (USCIS' predecessor) denied that petition pursuant to 8 U.S.C. § 1154(c) after concluding that Santokh had entered his prior marriage fraudulently for the purpose of evading immigration laws or obtain immigration benefits.

   It is not clear whether the Singhs appealed the 2002 decision of the INS. In 2006, however, the Singhs again petitioned to adjust Santokh's status based on their marriage. This petition was initially approved in 2006. In 2009, however, USCIS revoked the petition pursuant to its authority under 8 U.S.C. § 1155 to revoke petitions approved under § 1154 for good and sufficient cause, again pointing to Santokh's first marriage. The Singhs appealed this decision but the Bureau of Immigration Affairs denied their appeal.

   The Immigration and Nationality Act limits federal courts' jurisdiction to review decisions of the Attorney General under the Act. 8 U.S.C. § 1252(a)(2)(B)(ii). Specifically, the INA strips federal courts of jurisdiction

## STATEMENT

to review any "decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of [asylum]." 8 U.S.C. § 1252(a)(2)(B)(ii).

The Seventh Circuit has previously held that the INS's decision to revoke a previously approved petition pursuant to § 1155 because the alien's first marriage was a sham is a discretionary decision within the meaning of § 1252(a)(2)(B)(ii) and therefore deprives district courts of jurisdiction to review such decisions. *El-Khader v. Monica*, 366 F.3d 562, 567-568 (7th Cir. 2004). *El-Khader* is directly on point and settles the issue.

The Singhs make three desperate arguments to suggest that *El-Khader* should not end the Court's inquiry into its jurisdiction. First, the Singhs argue that other circuits have reached opposite conclusions, pointing to *ANA Int'l, Inc. v. Way*, 393 F.3d 886 (9th Cir. 2004). This Court, however, has no authority to disregard Seventh Circuit authority and instead follow Ninth Circuit law. Second, the Singhs suggest that the Supreme Court has overruled *El-Khader*, pointing to *Kucana v. Holder*, — U.S. —, 130 S.Ct. 827 (2010). It is not clear precisely why the Singhs believe *Kucana* calls *El-Khader* into doubt. *Kucana* merely held that the discretionary-decision jurisdictional bar imposed by § 1252(a)(2)(B)(ii) applies only to determinations made discretionary by statute and not to determinations made discretionary by regulation. *Kucana*, 130 S.Ct. at 840. Finally, the Singhs argue that the underlying statute on which the revocation is based is not discretionary, but mandatory, and therefore § 1252(a)(2)(B)(ii) does not apply. *El-Khader*, however, addressed this very argument and rejected it, noting:

> El-Khader argues only that the broad statutory language of § 1155 is limited by INS precedent establishing that revocation of a visa petition is only appropriate when the petition should not have been approved in the first place, which, he contends, is not a discretionary decision . . . . El-Khader's argument is misguided. It is true that the INS has regulations requiring that there must be 'substantial and probative' evidence of marriage fraud to deny a petition on these grounds . . . . Nevertheless, these regulations are inapplicable in those instances where the INS . . . chooses to exercise its discretion in revoking a visa under § 1155 *after* a petition for that visa has already been granted.

*El-Khader*, 366 F.3d at 568 (internal citations omitted, emphasis in original). The Singhs seem to recognize that *El-Khader* defeats their final argument but suggest that *El-Khader* "did not sufficiently discuss the two statutes" in its analysis. This Court, however, cannot review decisions of the Seventh Circuit.

Given *El-Khader*'s clear holding, the Court holds that it lacks jurisdiction to resolve the Singhs' claim. In addition, the Singhs' FOIA request is moot. The Court therefore GRANTS the Government's Motion to Dismiss.

*Wm. J. Hibbler*